UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-CV-81676

WARREN JEFFERY,

    Plaintiff,

vs.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, WARREN JEFFERY (hereinafter "Plaintiff" or "Mr. Jeffery"), hereby files his Complaint against Defendant, SELECT PORTFOLIO SERVICING, INC. (hereinafter "Defendant" or "Defendant SPS"), and alleges:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6.  Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7.  Venue in this District is proper because Plaintiff resides Palm Beach County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8.  At all times material hereto, Defendant SPS was and is a foreign profit corporation with its principal place of business at 3217 S. Decker Lake Drive, Salt Lake City, Utah 84119[1]. Defendant SPS is duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9.  At all times material hereto, Defendant SPS is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiff's residential property, located at 231 Blossom Lane, Palm Beach Shores, Florida 33404 (the "Subject Property").

10. At all times material hereto, Plaintiff owned and continues to own the Subject Property, which is located in Palm Beach County, Florida.

11. The Subject Property is a residential single-family home structure.

12. At some point in time prior to the violations alleged herein, the Defendant SPS was hired to service the subject loan.

---

[1] Per Florida's Division of Corporations, Defendant SPS's principal address is identified as "3217 S. Decker Lake Drive, Sal Lake City, UT 84119".  Plaintiff presumes "Sal Lake City" is a typographical error and should read as "Salt Lake City".

13. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as account number ******4417.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about July 11, 2007, Plaintiff entered into a promissory note agreement with LEND-MOR MORTGAGE BANKERS COPR., A NEW YORK CORPORATION (the "Note") for what he intended to be his primary residence. The Note was secured by a mortgage on the Subject Property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

15. On June 17, 2020, a loss mitigation application ("LMP") was submitted on behalf of the Plaintiff to Defendant SPS, the servicer of the Loan. *See* Fax Confirmation dated June 17, 2020 attached hereto as **Exhibit "A"**.

16. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), Defendant SPS was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether the mortgage servicer determined said application to be complete or incomplete. If the mortgage servicer deemed the LMP incomplete, the mortgage servicer is required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information. Despite the mandates of 12 C.F.R. § 1024.41(b)(2)(i)(B), Defendant SPS failed to respond.

17. Pursuant to 12 C.F.R. § 1024.41(c)(2)(iv), upon Plaintiff's submission of the LMP and upon no further communication from Defendant SPS, the LMP shall be considered facially complete.

18. Defendant SPS was also required to provide a written notice stating which loss mitigation options, if any, the Defendant would offer Plaintiff within thirty (30) days after the application was considered "complete." Again, Defendant SPS failed to respond despite being required to do so pursuant to 12 C.F.R. § 1024.41(c)(1).

19. Receiving no response, Plaintiff send a correspondence (the "7 Day Notice") on August 27, 2020 advising Defendant SPS that no response had been received by the Plaintiff concerning the status of their loss mitigation application and that seven (7) additional days would be afford to them to comply with Regulation X. *See* 7 Day Notice dated August 27, 2020 attached hereto as **Exhibit "B".**

20. The 7 Day Notice was received by Defendant SPS on August 28, 2020.

21. To date, Defendant SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that no written notice was provided within five (5) business days of receipt of the LMP acknowledging receipt of same and advising whether a determination was made that said application was complete or incomplete.

22. To date, Defendant SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, will be offered to Plaintiff

23. Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel and Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as co-counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

**DAMAGES**

24. Plaintiff has been injured and suffered actual damages by virtue of Defendant's repeated violations of those legal rights and protections which Congress provided to Plaintiff and other consumers like him. The threshold of Defendant SPS's violations stem from repeated failures

to respond to the LMP submitted for Plaintiff. Plaintiff's injuries result in-part from the Defendant SPS's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiff's procedural rights under RESPA were violated by not providing a response to the LMP despite additional notice of same via the 7 Day Notice.

25. Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's 7 Day Notice; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to Plaintiffs' LMP, which includes the 7 Day Notice.

26. Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of Defendant SPS to address Plaintiff's concerns relating to their mortgage, while simultaneously fearful of an imminent state court foreclosure sale auction currently scheduled for September 23, 2020.[2]

27. The Defendant has also violated Regulation X with respect to the numerous loans it services, including but not limited to, the following loans:

    a. With respect to CFPB Consumer Complaint ID 2236734, the Defendant violated RESPA by failing to review a "facially complete" modification package.

    b. With respect to CFPB Consumer Complaint ID 2395578, the Defendant violated RESPA by failing to acknowledge the consumer's modification.

---

[2] *See* U.S. Bank National Association v. Warren Jeffery, 2018-CA-002848, Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

    c.    With respect to CFPB Consumer Complaint ID 2369933, the Defendant violated RESPA by failing to timely respond and review the consumer's modification package.

    d.    With respect to CFPB Consumer Complaint ID 2347916, the Defendant violated RESPA by failing to timely respond and review the consumer's modification package.

28.    Plaintiff is entitled to statutory damages in an amount not greater than $2,000.00 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of Defendant SPS's pattern or practice of noncompliance with Regulation X and RESPA.

29.    Additionally, Plaintiff is entitled the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

30.    Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above.

31.    Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>    A servicer of a federally related mortgage shall not--
>    …
>    **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>    …
>    **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> <u>12 U.S.C. § 2605(k)(emphasis added)</u>

32.    Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb.

14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

33. The CFPB's authority to prescribe such regulations under Section 2605(k)(1), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

34. Defendant SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that no written notice was provided to Plaintiff within five (5) business days of receipt of the LMP acknowledging receipt of same and whether said application was determined to be complete or incomplete.

35. As such, the Defendant SPS has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

36. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

### COUNT II – VIOLATION OF 12 U.S.C. § 2605(k)

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above.

38. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>    A servicer of a federally related mortgage shall not--
>    …
>    **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes

>   of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>   
>   …
>   
>   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>   
>   12 U.S.C. § 2605(k)(emphasis added)

39. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

40. The CFPB's authority to prescribe such regulations under Section 2605(k)(1), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

41. Defendant SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that no written notice was provided to Plaintiff within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, would be offered to Plaintiff.

42. As such, the Defendant SPS has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

43. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff WARREN JEFFERY respectfully requests that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant SPS be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff WARREN JEFFERY hereby demands a trial by jury of all issues so triable.

Dated this 14 day of September 2020.

Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　**JENKINS LORENZO, LLC**
　　　　　　　　　　　　　　　　　　　　　　　　*Co-Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　　18851 NE 29th Avenue, Ste. 700
　　　　　　　　　　　　　　　　　　　　　　　　Aventura, Florida 33180
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (305) 456-1450

　　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Chase E. Jenkins, Esq.*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Chase E. Jenkins, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 94261
　　　　　　　　　　　　　　　　　　　　　　　　　　　cjenkins@jenkinslorenzo.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　Jorge "J.D." Lorenzo, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 81702
　　　　　　　　　　　　　　　　　　　　　　　　　　　jlorenzo@jenkinslorenzo.com

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Laura Hoy Chebat*
　　　　　　　　　　　　　　　　　　　　　　　　Laura Hoy Chebat, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 59025
　　　　　　　　　　　　　　　　　　　　　　　　LOAN LAWYERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　*Co-Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　　3201 Griffin Road, Suite 100
　　　　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33312
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (954) 523-4357
　　　　　　　　　　　　　　　　　　　　　　　　laura@fight13.com